UNITED STATES

v.

Robert S. CHRONISTER, 533 56 5792, Lieutenant (junior grade) (O–2), U. S. Navy.

NCM 79 0417.

U. S. Navy Court of Military Review.

Sentence Adjudged 22 Nov. 1978.

Decided 20 Sept. 1979.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

PRICE, Judge:

Accused naval officer was tried by a general court-martial judge sitting alone. Pursuant to his pleas, he was convicted of unauthorized absence, disobedience of a superior commissioned officer, and breaking restriction in violation of Articles 86, 90, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 890 and 934. He was sentenced to lose 150 lineal numbers, to forfeit $250.00 pay per month for 4 months, and to be issued a letter of reprimand. The convening authority approved the sentence and issued the letter of reprimand.

The following question has been certified to us by the Judge Advocate General, under Article 69, U.C.M.J., 10 U.S.C. § 869, for review pursuant to Article 66, U.C.M.J., 10 U.S.C. § 866:

> May a person in an unauthorized absentee status who refuses an order to return to his ship be convicted of willful disobedience of a lawful command of his superior commissioned officer (Article 90, Uniform Code of Military Justice)?

In support of a negative answer to this question, appellant cites *United States v. Bratcher*, 19 U.S.C.M.A. 125, 128, 39 C.M.R. 125, 128 (1969).

Senior Judge Ferguson, speaking for the Court of Military Appeals, addressed a similar issue in *United States v. Quarles*, 1 M.J. 231 (CMA 1975). The appellant there asserted that when a man disobeys an order to do that which he already had a duty to do, his disobedience cannot be made a crime separate and more serious than his failure to perform his preexisting duty. Judge Ferguson found that the appellant had misperceived the applicable law, stating that:

> It is true that this Court has had occasion to engage in the exercise of discerning the true 'ultimate offense' involved in an alleged violation of an order laid under Articles 90 or 91. . . . The rationale is that 'an order to obey the law can have no validity beyond the limit of the ultimate offense committed.' *United*

*States v. Bratcher*, 18 USCMA 125, 128, 39 CMR 125, 128 (1969). However, our concern in this area is that the giving of an order, and the subsequent disobedience of· same, not be permitted thereby to *escalate the punishment* to which an accused otherwise would be subject for the ultimate offense involved.

*Id.* at 232 (emphasis added) (several citations and a footnote omitted). Clearly, Judge Ferguson was concerned with the escalation of punishment.

In the present case, the order given to appellant was not an order to increase punishment. Indeed, the military judge clearly considered the violation of Article 90, U.C. M.J., (Charge III) to be multiplicious for sentencing purpose, as indicated by his statement of the maximum punishment authorized for the offenses.[1] The accused's willful disobedience and flaunting of military authority was the ultimate offense, as noted by the appellate Government counsel.

Accordingly, it is the opinion of this Court that a person in an unauthorized absentee status who refuses an order to return to his ship may be convicted of willful disobedience of a lawful command of his superior commissioned officer, *provided* that the subsequent disobedience does not escalate the punishment to which an accused otherwise would be subject.

The certified question is answered in the affirmative. Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge BAUM and Judge MICHEL concur.

---

1. The maximum punishment for a violation of Art. 90, UCMJ, for disobedience of a lawful order of a commissioned officer, is, *inter alia*, 5 years confinement. (MCM, 1969 (Rev.), para. 127*c*). The fact that the military judge considered that the maximum sentence to confinement which could be awarded was 1 year indicates that he considered Charge III multiplicious.