### UNITED STATES

v.

**James R. AME, 565 23 0791 Seaman Recruit (E–1), U.S. Navy.**

**NMCM 91 1738.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 22 May 1991.

Decided 5 June 1992.

---

**3.** Army chaplains are "inferior officers" within the meaning of the Appointment Clause. 10 Op.

Att'y Gen. 449 (1863).

Maj G.S. Warner, USMC, Appellate Defense Counsel. LCDR Stephen H. Johnson, JAGC, USNR, Appellate Defense Counsel. CAPT Ben C. Wimberly, JAGC, USNR, Appellate Defense Counsel. LT T.S. Susanin, JAGC, USNR, Appellate Government Counsel.

Before FREYER, HOLDER, and MOLLISON, JJ.

FREYER, Senior Judge:

The appellant was convicted, in accordance with his pleas, of two specifications of failure to go to his appointed place of duty (divisional quarters), in violation of Article 86, 10 U.S.C. § 886, and one specification of dereliction of duty by willfully failing to make 33 restricted men's musters. He was sentenced to confinement for 60 days, forfeiture of $200.00 pay per month for two months, and a bad-conduct discharge. The convening authority approved the sentence but, in accordance with a pretrial agreement, suspended confinement over 45 days and forfeitures in excess of $150.00 per month for two months.

Inasmuch as the Government aggregated the failures to go to all 33 restricted men's musters in a single specification, a bad-conduct discharge is authorized if, and only if, a bad-conduct discharge would be authorized for a single failure to go to an appointed place of duty if charged as a willful dereliction of duty. *United States v. Adams,* 13 M.J. 728, 730 (A.C.M.R.1982). The principal issue we must decide is whether or not the "footnote 5" principle [1], now found in a bracketed "Note" following paragraph 16e(2), Part IV, Manual for Courts–Martial, United States, 1984, applies when a failure to go to, or going from, one's appointed place of duty without authority, properly chargeable under Article 86(1) or (2), Uniform Code of Military Justice (UCMJ), respectively, is charged as dereliction of duty under Article 92(3), UCMJ, 10 U.S.C. § 892(3).

As best we can determine, there was not a single case in military law in which a "failure to go" or a "going from" was charged as a dereliction of duty from the beginning of the world until the U.S. Court of Military Appeals' decision in *United States v. Taylor,* 26 M.J. 7 (C.M.A.1988), wherein it was suggested for the first time that a "failure to go" or "going from" not only might, but in some circumstances must, be so charged.

That novel suggestion, which evidently applies whether the "failures to go" or "goings from" are combined with traditional derelictions of duty or stand alone, *see United States v. Mitchell,* No. 88 3105 (N.M.C.M.R. 30 June 1989), is not particularly illogical nor unreasonable, certainly no more so than that it may be charged as a failure to obey a lawful order, as has long been held, *see United States v. Quarles,* 1 M.J. 231 (C.M.A.1975). So why has it not traditionally been so charged? The reason, we suspect, is that, if a staff judge advocate wants to "play it straight," a "failure to go" or "going from" will be charged under Article 86, UCMJ; whereas, if the purpose is to make the offense sound as aggravated as possible, then it will be

1. Footnote 5 of the Table of Maximum Punishments, paragraph 127c, Manual for Courts–Martial, 1969 (Rev.), relating to the maximum punishments for Article 92(1) and (2) violations:
   This punishment does not apply in the following cases:
   (1) If in the absence of the order or regulation which was violated or not obeyed the accused would on the same facts be subject to conviction for another specific offense for which a lesser punishment is prescribed in this table.
   (2) If the violation or failure to obey is a breach of restraint imposed as a result of an order.
   In these instances, the maximum punishment is that specifically prescribed elsewhere in this table for the offense.

charged under Article 92(2), UCMJ, as an orders violation, which, as we all know, strikes at the heart of military discipline. Whichever might be the staff judge advocate's purpose, it would make no sense to resort to the intermediate dereliction of duty offense, which perhaps explains why, to the best of our knowledge, no such case exists in the pre-*Taylor* era.

That is also, perhaps, the reason that the Paragraph 16e Note, like its "footnote 5" antecedent, makes no reference to dereliction of duty. Especially now that the maximum punishment for willful dereliction of duty is identical to that of failure to obey a lawful order, it would perpetrate a wholesale evasion of the established "footnote 5" policy to permit a "failure to go," "going from," uniform violation, or any other "one-month" offense, to be punished—just like a failure to obey a lawful order—with confinement for six months, forfeiture of all pay and allowances, and a bad-conduct discharge, by the simple artifice of charging it as a willful dereliction of duty.[2] Surely, the *Taylor* court did not intend to promote such mischievous manipulation of the military justice system. The only way to prevent it is to interpret the Paragraph 16e Note as applying to charges of dereliction of duty, as well as orders violations, when the duties concerned are those imposed by lawful orders, *and* the gravamina of failures to obey such orders are no more than "one-month" offenses.

"Footnote 5," which was "designed—apparently—to eliminate the confusion which might result from a conceivable contention that the commission of other specifically proscribed and relatively minor offenses should be punished as more serious violations of Article 92," has been held to apply "to those *situations* which *involve* the failure to obey a lawful order and at the same time other misconduct specifically enumerated in the Manual's Table of Maximum Punishments—and in which the 'other misconduct' is deemed to constitute the gravamen of the offense committed." *United*

*States v. Loos*, 4 U.S.C.M.A. 478, 480, 481, 16 C.M.R. 52, 54, 55 (1954) (emphasis supplied). We have emphasized the words "situation" and "involve" because they indicate that it is the nature of the situation, not the nature of the charge, which governs whether or not the "footnote 5" principle applies.

Twenty-one years later, the U.S. Court of Military Appeals again addressed "footnote 5": "The policy behind footnote 5 is to prevent commission of specifically proscribed and relatively minor offenses from being *punished* as more serious violations of Article 92." *United States v. Quarles*, 1 M.J. at 232–33. Although, for the reasons stated above, the court undoubtedly had in mind Article 92(1) and (2), UCMJ, both the language used and its underlying purpose are plainly broad enough to include dereliction of duty under Article 92(3), UCMJ, in the phrase "more serious violations of Article 92." What sense would it make purposefully to prevent a "one-month" offense from being more severely punished under Article 92(1) or (2), only to allow it to be so punished under the Article 92(3) lesser-included offense of Article 92(1) and (2)?

In the instant case, the requirement to muster clearly arose, as it typically does, from a portion of the restriction orders issued to the appellant; hence, whether the charge was failure to obey one or more lawful orders or dereliction of duty, the "situation" did unquestionably "involve" the failure to obey lawful orders. As a result, the successor Paragraph 16e Note readily supports the interpretation that it applies to Article 92(3) charges when the situations giving rise to the derelictions of duty alleged involve failures to obey lawful orders the sole gravamen of which is failure, without authority, to go to one's appointed place of duty, and nothing more.

Where the duty in question is to go to a certain place there to perform some military duty over and above the act of report-

---

**2.** Negligent dereliction of duty is punishable by confinement for three months and forfeiture of two-thirds pay per month for three months—less severe than for willful dereliction but still

more severe than for Article 86(1) and (2), UCMJ violations. The latter, of course, do not distinguish between willful and negligent violations.

ing, itself, it may rationally be argued that the failure to perform the additional military duty resulting from the failure to go to the appointed place of such duty would support a charge of dereliction of duty outside the scope of the Paragraph 16e Note. Any conclusions as to whether or not such an argument, if addressed to the current U.S. Court of Military Appeals, would fall under the *Loos* condemnation of "at once ingenious and erroneous[,]" 4 U.S.C.M.A. at 481, 16 C.M.R. at 55, may be left for another day, however, since the orders in the instant case apparently involved no duty beyond the bare duty to report.

We hold that the "footnote 5" principle now embodied in the bracketed "Note" following paragraph 16e(2), Part IV, MCM, 1984, applies when a failure to go to, or going from, one's appointed place of duty without authority, properly chargeable under Article 86(1) or (2), UCMJ, respectively, is charged as dereliction of duty under Article 92(3), UCMJ. Accordingly, the maximum punishment in the instant case was confinement for three months and forfeiture of two-thirds' pay per month for three months. This maximum punishment resulted, in part, from a well-intentioned decision, undoubtedly designed to comply with *Taylor*, to aggregate all the missing restricted men's muster offenses in a single willful dereliction of duty specification. In light of the paragraph 16e Note and the *Adams* principle that, when a series of acts are "bunched" into a single specification, the punishment is limited to that for one such occurrence, there is no way to raise the maximum punishment for the single specification of Charge II above that for one "one-month" offense. Under *Taylor* and Mitchell, it would apparently have been permissible to aggregate each day's missed musters in a separate Article 86(1) specification and thereby produce a Charge Sheet with offenses for which a bad-conduct discharge would have been authorized. While

it is regrettable, in a way, that the result is to penalize the convening authority for a good-faith effort to comply with *Taylor*, this Court cannot, in good conscience, opt for the alternative of making bad law.

In light of the sentence adjudged and *United States v. Lamb*, 22 M.J. 518 (N.M.C.M.R.1986), the findings of guilty and only so much of the approved sentence as extends to confinement for 45 days and forfeiture of $200.00 per month for two months are affirmed.

Judge HOLDER concurs.

MOLLISON, Judge (dissenting):

Consistent with his pleas, the appellant was found guilty of two specifications of failing to go to his appointed place of duty (divisional muster) and one specification of willful dereliction of duty by failing to go to 33 restricted men's musters in violation of Articles 86 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 892, respectively. A military judge sitting as a special court-martial sentenced the appellant to confinement for 60 days, forfeiture of $200.00 pay per month for two months, and a bad-conduct discharge. The convening approved the sentence, but suspended portions of the confinement and forfeitures pursuant to a pretrial agreement. The appellant asserts two errors have been committed in connection with his court-martial.[1] In essence, he asserts a bad-conduct discharge was not an authorized punishment. He requests that feature of the sentence be disapproved.

The crux of the appellant's appeal concerns Charge II and the Specification thereunder in which he is charged with willful dereliction of duty by failing to make 33 restricted men's musters. Citing the "ultimate offense" doctrine, the appellant asserts the willful dereliction of duty specification is in reality no more than one specification alleging multiple instances of failing

1. I. A SENTENCE WHICH INCLUDES A BAD CONDUCT DISCHARGE IS ILLEGAL BECAUSE A PUNITIVE DISCHARGE IS NOT AUTHORIZED FOR THE OFFENSES UPON WHICH APPELLANT WAS CONVICTED.

II. APPELLANT HAS BEEN DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

to go to appointed place of duty or breaking restriction. While willful dereliction of duty authorizes a bad-conduct discharge, failing to go to appointed place of duty and breaking restriction do not. Manual for Courts–Martial (MCM), United States, 1984, Part IV, ¶¶ 10e, 16e(3)(B), 102(e). Appellant further argues that none of his other offenses authorizes a bad-conduct discharge; that the aggregate maximum authorized confinement for all specifications would be three months; and, that a bad-conduct discharge, therefore, would not otherwise be authorized under the "escalator" provisions of the Manual. Rule for Courts–Martial (R.C.M.) 1003(d)(3), Manual for Courts–Martial, United States, 1984. The Government asserts the "ultimate offense" doctrine does not apply, but even if it did, the 33 instances of failing to go or breaking restriction should be counted as separate offenses and computed accordingly under the "escalator" provision.

The "ultimate offense" doctrine is a sentencing doctrine. It applies when there is a prosecution of a violation of an order given to perform a function the accused is already under orders or a duty to perform. The doctrine looks to the ultimate offense involved in order to prevent the punishment from being increased artificially. United States v. Pettersen, 17 M.J. 69 (C.M.A.1983); United States v. Quarles, 1 M.J. 231 (C.M.A.1975); United States v. Bratcher, 19 U.S.C.M.A. 125, 39 C.M.R. 125 (1969); United States v. Greene, 8 M.J. 796 (N.C.M.R.1980); United States v. Chronister, 8 M.J. 533 (N.C.M.R.1979). This doctrine, therefore, does not apply to the appellant's case.

There is, however, a related principle. The Code authorizes the President to prescribe the maximum authorized punishment for certain offenses. Art. 56, UCMJ, 10 U.S.C. § 856. Accordingly, the President has prescribed limitations for violations of Article 92(1) and (2), that is, violations of general regulations and other orders. R.C.M. 1003(c)(1)(A); MCM, Part IV, ¶ 16e. Recognizing that an accused who committed an offense carrying a lesser punishment might have his punishment increased by the simple expedient of charging him with an orders violation, the President prescribed an additional limitation on the punishments for Article 92(1) and (2) offenses. The maximum punishment for orders violations would not apply:

if in the absence of the order or regulation which was violated or not obeyed the accused would on the same facts be subject to conviction for another specific offense for which a lesser punishment is prescribed; or if the violation or failure to obey is a breach of restraint imposed as a result of an order. In these instances, the maximum punishment is that specifically prescribed elsewhere for that particular offense.

MCM, Part IV, ¶ 16e Note (formerly referred to as "Footnote 5"). This limitation is not, however, to be interpreted technically. United States v. Buckmiller, 1 U.S.C.M.A. 504, 4 C.M.R. 96 (1952). Instead, in order to determine the correct limitation on punishment, military courts compare the gravamen of the offense charged with the gravamen of other offenses which might have been charged under other articles. Id. at 98; see also United States v. Timmons, 13 M.J. 431, 433 (C.M.A.1982); United States v. Yunque–Burgos, 3 U.S.C.M.A. 498, 13 C.M.R. 54 (1953). The appellant is not charged with an orders violation under Article 92(1) or 91(2), and we have no authority to extend the aforementioned limitation to offenses other than those designated by the President. See United States v. Landwehr, 18 M.J. 355, 356 (C.M.A.1984). Rather, the appellant is charged with a dereliction of duty under Article 92(3). Were the foregoing limitation applicable, it is still possible for a willful dereliction of duty charge to survive an Article 86 "gravamen-of-the-offense" challenge. United States v. Taylor, 26 M.J. 7, 9 (C.M.A.1988) (Cox, J., concurring).

In this case, the appellant pled guilty to 33 instances of missing restricted men's muster from 16 March to 25 April 1991. The military judge defined for the appellant the term "willful." The appellant acknowledged he understood the elements of the offense and that his pleas of guilty

admitted them. Record at 12. The appellant specifically admitted he missed the restricted men's musters purposely and he was derelict in doing so. Record at 19–24. His willfulness elevated his failure to make muster "above the common ruck" and made his offense more serious than a simple failure to go to an appointed place of duty. *Id.; cf. United States v. Loos*, 4 U.S.C.M.A. 478, 16 C.M.R. 52 (1954). Under the circumstances, the willful dereliction charge survived the Article 86 "gravamen-of-the-offense" challenge.[2] Because I conclude a bad-conduct discharge was authorized for Charge II and the Specification thereunder, I do not address the Government's alternative theory. *But see United States v. Adams*, 13 M.J. 728, 730 (A.C.M.R.), *petition denied*, 14 M.J. 217 (C.M.A.1982). I conclude the assignments of error are without merit, and I would affirm the findings and sentence, as approved on review below.

---

**2.** The gravamen of the offense was also not breaking restriction in violation of Article 134.