**UNITED STATES, Appellant,**

v.

**James R. AME, Seaman Recruit U.S. Navy, Appellee.**

No. 68,227.
CMR No. 91 1738.

U.S. Court of Military Appeals.

Argued Feb. 2, 1993.

Decided July 9, 1993.

For The Accused: *Lieutenant P.L. Sundel*, JAGC, USNR (argued); *Major Gregory S. Warner*, USMC (on brief).

For the United States: *Colonel T.G. Hess*, USMC (argued); *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN, and *Lieutenant T.S. Susanin*, JAGC, USNR (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge.

The accused, a seaman recruit attached to the USS STEPHEN W. GROVES (FFG 29), was tried by a military judge sitting alone as a special court-martial at Naval Legal Service Office, Mayport, Florida, on May 22, 1991. Pursuant to his pleas, he was found guilty of two specifications of failing to go to divisional muster and one specification of dereliction of duty by willfully failing to make numerous restricted men's musters, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 USC §§ 886 and 892, respectively. He was sentenced to a bad-conduct discharge, confinement for 60 days, and forfeiture of $200.00 pay per month for 2 months.

On June 24, 1991, the convening authority, pursuant to a pretrial agreement, approved the sentence as adjudged but suspended confinement in excess of 45 days and forfeitures in excess of $150.00 pay per month for 2 months. The Court of Military Review affirmed the findings but determined that the bad-conduct discharge was not authorized. It affirmed only so much of the sentence as extends to confinement for 45 days and forfeiture of $200.00 pay per month for 2 months. One judge dissented. 35 MJ 592 (1992).

On July 6, 1992, the Judge Advocate General of the Navy filed a certificate for review with this Court, pursuant to Article 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1989), raising the following two issues:

## I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW WAS CORRECT IN APPLYING TO AN ARTICLE 92(3) DERELICTION OF DUTY OFFENSE THE POLICY LIMITING THE SENTENCE NORMALLY APPLICABLE FOR ARTICLE 92(1) AND 92(2) OFFENSES UNDER THE CIRCUMSTANCES DESCRIBED BY THE BRACKETED NOTE FOUND IN THE MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1984, PART IV, PARAGRAPH 16e(2), TO A CHARGE FRAMED IN COMPLIANCE WITH THIS COURT'S DECISION IN *UNITED STATES V. TAYLOR*, 26 MJ 7 (CMA 1986) WITH THE INTENT AND RESULT OF REDUCING THE MAXIMUM SENTENCE TO WHICH THE ACCUSED IS EXPOSED TO A LEVEL SIGNIFICANTLY BELOW THE SENTENCE CEILING WHICH COMPLIANCE WITH PARAGRAPH 16e(2) POLICY ALONE WOULD HAVE PROCURED.

## II

WHETHER THE MAXIMUM SENTENCE PRESCRIBED FOR THE ARTICLE 92(3) OFFENSE OF WILLFUL DERELICTION OF DUTY IS LIMITED IN THE SAME MANNER BY MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1984, PART IV, PARAGRAPH 16(e), WITH RESPECT TO THOSE SITUATIONS IN WHICH THE GRAVAMEN OF THE CHARGED OFFENSE IS GOVERNED BY SOME OTHER AND LESSER OFFENSE PROSCRIBED BY THE UNIFORM CODE AS ARE THE ARTICLE 92(1) AND (2) ORDERS OFFENSES.

We hold that the Court of Military Review erred as a matter of law in setting aside the bad-conduct discharge in this case. Art. 56, UCMJ, 10 USC § 856. *See United States v. Landwehr*, 18 MJ 355, 356 (CMA 1984); *United States v. Timmons*, 13 MJ 431, 432 (CMA 1982).

The record of trial reveals the following facts. Ame, assigned to the USS STEPHEN W. GROVES (FFG 29), was placed on restriction by his commanding officer for various disciplinary infractions. As a result, he was required to appear for muster several times a day. Between March 16 and April 25, 1991, he failed to make restricted men's muster a total of 33 times: On 6 days each Ame missed 4 musters; on 4 days each he missed 1 muster; on 1 day he missed 2 musters; and on another day he missed 3 musters. He also failed to go to divisional muster on 2 separate occasions—April 24 and 25, 1991.

Ame was subsequently charged with and found guilty of 1 specification of willful dereliction of duty under Article 92(3) for the 33 times that he failed to make restricted men's muster. He was additionally charged with and found guilty of two specifications of failure to go to divisional muster in violation of Article 86(1). He received a sentence that included a bad-conduct discharge.

On appeal, the Court of Military Review determined that the bad-conduct discharge was not authorized and set it aside. Relying on a Note following paragraph 16e(2), Part IV, Manual for Courts–Martial, United States, 1984, that court concluded that the punishment for willful dereliction of

duty was limited to the punishment authorized for a single failure-to-go offense under Article 86(1). *See* para. 10e(1), Part IV, Manual, *supra*. It impliedly concluded that this punishment, in addition to the punishment authorized for Ame's two other violations of Article 86 for missing divisional musters, did not permit imposition of a bad-conduct discharge. Instead, the maximum punishment was 3 months' confinement and forfeiture of 2/3s pay per month for 3 months. *See* RCM 1003(c)(1)(C), Manual, *supra*.

---

Article 56 of the Code states:

§ 856. Art. 56. **Maximum limits**

The punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense.

Pursuant to this authority, the President promulgated RCM 1003(c)(1)(A)(i), which states:

(c) *Limits on punishments.*

(1) *Based on offenses.*

(A) *Offenses listed in Part IV.*

(i) *Maximum punishment.* The maximum limits for the authorized punishments of confinement, forfeitures, and punitive discharge (if any) are set forth for each offense listed in Part IV of this Manual. These limitations are for each separate offense, not for each charge. When a dishonorable discharge is authorized, a bad-conduct discharge is also authorized.

Part IV of the Manual for Courts–Martial lists certain offenses including dereliction of duty in violation of Article 92(3). Paragraph 16e(3)(B) states the maximum authorized punishment provided for willful dereliction of duty is a "Bad-conduct discharge, forfeiture of all pay and allowances, and confinement for 6 months."

The Court of Military Review rejected paragraph 16e(3)(B) as setting the maximum authorized punishment for Ame's offense of willful dereliction of duty. Instead, it concluded that the lesser maximum punishment for a single Article 86(1) offense which is provided in paragraph 10e(1) was applicable: i.e., confinement for 1 month and forfeiture of two-thirds pay per month for 1 month. In determining this maximum punishment, that court expressly relied on the Note to paragraph 16e(2), which states:

e. *Maximum punishment.*

(1) *Violation or failure to obey lawful general order or regulation.* Dishonorable discharge, forfeiture of all pay and allowances, and confinement for 2 years.

(2) *Violation or failure to obey other lawful order.* Bad-conduct discharge, forfeiture of all pay and allowances, and confinement for 6 months.

**[Note: For (1) and (2), above, the punishment set forth does not apply in the following cases: if in the absence of the order or regulation which was violated or not obeyed the accused would on the same facts be subject to conviction for another specific offense for which a lesser punishment is prescribed; or if the violation or failure to obey is a breach of restraint imposed as a result of an order. In these instances, the maximum punishment is that specifically prescribed elsewhere for that particular offense.]**

(Emphasis added.)

This Court has considered the meaning and scope of this Note or its Manual predecessors on a number of occasions. *E.g., United States v. Buckmiller*, 1 USCMA 504, 4 CMR 96 (1952); *United States v. Larney*, 2 USCMA 563, 10 CMR 61 (1953); *United States v. Loos*, 4 USCMA 478, 16 CMR 52 (1954); *United States v. Quarles*, 1 MJ 231 (CMA 1975). This sentencing rule was intended to limit the punishment for certain orders violations where "the gravamen of" the offense charged warranted a lesser punishment under another codal article. *United States v. Quarles*, 1 MJ at 233. However, we have also said:

In other words—and under our earlier decisions—the applicability of the provision *is limited strictly to those situa-*

*tions which involve the failure to obey a lawful order* and at the same time other misconduct specifically enumerated in the Manual's Table of Maximum Punishments—and in which the "other misconduct" is deemed to constitute the gravamen of the offense committed.

*United States v. Loos*, 4 USCMA at 480, 16 CMR at 54 (emphasis added).

▪ The Court of Military Review held in this case that the current restatement of the above rule not only applies to order violations prosecuted under Article 92(1) and (2) but also includes situations involving dereliction of duty charged under Article 92(3). This holding, of course, goes beyond the express limiting language of the Note. It also conflicts with our case law and is unsupported by any other legal authority. *See United States v. Landwehr*, 18 MJ at 356; *United States v. Timmons*, 13 MJ at 432. Finally, we conclude that its "willful evasion" rationale is not warranted by the decision of this Court in *United States v. Taylor*, 26 MJ 7 (1988).

The "willful evasion" rationale of the court below was premised on its view of this Court's decision in *Taylor*. It opined that our decision for the first time permitted a simple failure to go proscribed by Article 86(1) to be prosecuted under Article 92(3) and its more severe punishment provisions. *See* para. 16e(3)(B). Then, it observed that the punishment limitation in paragraph 16e(2) could be avoided by simply prosecuting a failure to go under Article 92(3), rather than Article 86(1), 92(1), or 92(2). Accordingly, it concluded that the Note's limitation would be ineffective unless it was construed to also include dereliction of duty offenses under Article 92(3). 35 MJ at 593–95. We disagree.

In *Taylor*, the accused, while stationed aboard a ship, refused to work or report for duty for a total of 6 days. As a result of this conduct, the accused was charged with 17 specifications under Article 86 for failure to go and 15 specifications under Article 92(3) for dereliction of duty. On multiplicity grounds (*see* RCM 307(c)(4), Discussion) this Court held that the specifi-

cations under Article 86 and the specifications under Article 92(3) should be consolidated into *six* specifications of single-day violations of Article 92(3). 26 MJ at 8–9. Our opinion, however, does not hold or suggest that a single failure to go to an appointed place of duty may be charged as dereliction of duty in violation of Article 92(3) or that a dereliction-of-duty offense is covered by the Note to paragraph 16e(2).

▪ In any event, even if this Note might cover a dereliction-of-duty offense under Article 92(3), Ame would not be entitled to its punishment limitation. The "facts" giving rise to his dereliction offense were his missing restricted men's muster 33 times on 12 different days. Thus, the gravamen of his offense was more than simple disobedience of a routine order. Instead, it was a continuous course of repeated misconduct which was unquestionably more serious than a single violation of Article 86(1); *see United States v. Buckmiller*, 1 USCMA at 506, 4 CMR at 98. Willful-defiance offenses of this type do not qualify for the Note's punishment limitation. *United States v. Landwehr, supra; United States v. Pettersen*, 17 MJ 69 (CMA 1983); *United States v. Larney, supra* (*see* 37 MJ at 172).

Finally, Ame received an unwarranted benefit when he was only charged with a single dereliction of duty. If his conduct was charged in accordance with our decision in *Taylor*, at least six dereliction-of-duty specifications would lie in his case. Applying the Note to each of these specifications, a bad-conduct discharge would still be clearly authorized on the basis of a total authorized confinement of 6 months. *See* para. 10e(1) and RCM 1003(d)(3). Accordingly, we conclude that the court below erred as a matter of law in setting aside the bad-conduct discharge on the basis of this Manual provision.

The decision of the United States Navy–Marine Corps Court of Military Review as to sentence is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for

further review of the sentence under Article 66, UCMJ, 10 USC § 866.

Judges COX, CRAWFORD, GIERKE, and WISS concur.