UNITED STATES

v.

**Michael T. BALCARCZYK, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 99 01289.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 22 March 1999.

Decided 31 March 2000.

LT Omar R. Lopez, JAGC, USNR, Appellate Defense Counsel.

LT Timothy E. Curley, JAGC, USNR, Appellate Government Counsel.

Before DORMAN and TROIDL, Senior Judges, and ROLPH, Appellate Military Judge.

ROLPH, Judge:

A military judge, sitting alone as a general court-martial, convicted the appellant, in accordance with his voluntary pleas of guilty, of nine specifications of violating a lawful general order by engaging in sexual harassment, two specifications of assault, unlawful entry, eight specifications of committing indecent acts, and five specifications of communicating indecent language, in violation of Articles 92, 128, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, 930, and 934 (1994). The appellant was sentenced to 18 months confinement, total forfeiture of pay and allowances, reduction to E–1, and a bad-conduct discharge. In July 1999, the convening authority approved the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed. In accordance with the terms of the appellant's pretrial agreement, the convening authority suspended confinement in excess of 12 months and all forfeitures for 12 months from the date of his action.

We have carefully reviewed the record of trial, the appellant's four assignments of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's sub-

stantial rights was committed.[1] Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Improper Calculation of Maximum Sentence

In his first assignment of error, the appellant claims that the military judge erred in not applying the "ultimate offense" doctrine in calculating the maximum sentence for many of the appellant's separate violations of Article 92, UCMJ. The appellant's argument, based upon language contained in the MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 16(e)(2) [Note], asserts that, in the absence of the general order violated (prohibiting sexual harassment), he would on these same facts be subject to conviction for the ultimate offenses (i.e., indecent exposure and indecent language in violation of Article 134, UCMJ), which prescribe lesser maximum punishments of six months confinement each.[2] The appellant is incorrect.

[1, 2] The sentencing rule noted above, frequently referred to as the "ultimate offense doctrine," was intended "to limit the punishment for certain orders violations where 'the gravamen of' the offense charged warranted a lesser punishment under another codal article." *United States v. Ame*, 37 M.J. 170, 172 (C.M.A.1993)(quoting *United States v. Quarles*, 1 M.J. 231, 233 (C.M.A. 1975)). An accused may benefit from this rule only in those situations in which his misconduct: (1) involves the failure to obey a lawful order and also constitutes another offense specifically enumerated in the MCM, *and* (2) the "other offense" is deemed to constitute the gravamen of the misconduct committed. *Ame*, 37 M.J. at 172–73 (quoting *United States v. Loos*, 4 C.M.A. 478, 480, 16 C.M.R. 52, 54, 1954 WL 2427 (1954)); *see United States v. Traxler*, 39 M.J. 476, 478–79 (C.M.A.1994).

In this case, sexual harassment, which is "behavior that is unwelcome, sexual in nature, and connected in some way with a person's job or work environment," is what this lawful general order specifically seeks to prohibit. Secretary of the Navy Instruction 5300.26C, Enclosure (2), at ¶ 2 (27 Oct. 1997). Three criteria must be met for conduct to constitute "sexual harassment" under this general order:

(1) It must be unwelcome;

(2) It must be sexual in nature; and

(3) It must occur in, or impact upon, the work environment.

SECNAVINST 5300.26C, Enclosure (2), at ¶ 3. It is the requirement of a negative impact upon the work environment that differentiates sexual harassment from other sexual misconduct proscribed in the MCM. *See Swan*, 48 M.J. at 555–556. The appellant's offenses produced a working environment that was patently offensive, intimidating, and abusive to nine separate women. His repetitious and prolific brand of sexual harassment created a classic "hostile environment" that his victims were each made to endure. SECNAVINST 5300.26C, Enclosure (2), at ¶ 3(c)2. Also, under this general regulation, "[o]ff-duty or non-duty behaviors *that affect the military workplace* may also be considered to be sexual harassment." *Id.* at 3, ¶ 7(a) (emphasis added). The appellant's many lewd acts committed at the barracks and on the base toward these women clearly contributed to his creation of a hostile work environment for them. This detrimental workplace impact was the gravamen of the appellant's many offenses, and is why he was properly subjected to the greater maximum punishment authorized under Article 92, UCMJ.

Even if the "ultimate offense" doctrine applied in this case, and we were to rule that the military judge had improperly calculated the maximum authorized punishment, we

---

1. Summary Assignment of Error III (alleging that the Secretary of the Navy Instruction prohibiting sexual harassment is unconstitutionally vague), raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), is without merit and will not be further discussed. *See United States v. Swan*, 48 M.J. 551, 553–56 (N.M.Ct. Crim.App.1998).

2. Violation of, or failure to obey, a lawful general order or regulation under Article 92, UCMJ, is punishable, *inter alia*, by two years confinement. MCM, Part IV, ¶ 16(e)(1).

would still not grant relief. Reviewing the punishment the appellant ultimately received, we are satisfied that no prejudice occurred in this case, even if the sentence would have been limited to the maximum provided by the claimed "ultimate offenses." This is especially true in that the military judge considered many of these offenses as the same for sentencing purposes. *See* discussion of multiplicity assignment of error, *infra.* This issue is without merit.

## Multiplicity

Prior to sentencing the appellant, the military judge announced that he found a significant number of the offenses charged under Article 92, UCMJ (violations of the instruction prohibiting sexual harassment), and Article 134, UCMJ (corresponding sexual misconduct offenses), to be essentially the same "[f]or purposes of sentencing."[3] Record at 161. For the very first time on appeal, the appellant, relying on *United States v. Oatney*, 41 M.J. 619 (N.M.Ct.Crim.App.1994), *aff'd*, 45 M.J. 185 (1996), argues that this holding by the military judge mandated the dismissal of the Article 134, UCMJ, sexual misconduct offenses. We disagree.

First, we note that we will not apply forfeiture in this case as the record demonstrates the challenged offenses are "facially duplicative." *See United States v. Lloyd*, 46 M.J. 19, 20 (1997); *United States v. Harwood*, 46 M.J. 26, 28 (1997) (holding that no fact hearing is required where challenged specifications literally repeat each other as a matter of fact, and the appellant can demonstrate on the basis of the existing record that the specifications punished the same factual conduct). Once we elect not to apply forfeiture,

we examine challenged offenses utilizing traditional principles enunciated in existing multiplicity jurisprudence to determine whether plain-error exists. *Harwood*, 46 M.J. at 28 (holding that once offenses are found to be facially duplicative, multiplicity issues are then reviewed under the plain-error doctrine); *cf. Lloyd, supra* (holding that appellate review under the plain-error doctrine was not appropriate where specifications were not facially duplicative); *but see United States v. Heryford*, 52 M.J. 265 (2000)(suggesting that an appellant may demonstrate plain error and overcome waiver by simply showing that the specifications are facially duplicative). We find no plain error in this case. *See United States v. Powell*, 49 M.J. 460 (1998).

■ Our decision in *United States v. Oatney* unequivocally held that:

> [I]f offenses are multiplicious for findings, they are also multiplicious for sentencing; if they are not multiplicious for finding[s] purposes, then they are not multiplicious for sentencing. Thus, if offenses are separate for findings, they are separate for punishment, and the maximum authorized punishment is found by combining the punishments authorized for each individual offense.

*Oatney*, 41 M.J. at 623. From this now bedrock principle, the appellant extrapolates a converse proposition; if offenses are found multiplicious for sentencing, they must necessarily also be multiplicious for findings. The appellant's syllogism is simply invalid.[4]

■ There are circumstances where a military judge may exercise discretion in the interest of fundamental fairness and properly

---

3. Under Charge I, I find Specification 1 multiplicious with Charge III, Specifications 4 and 16. Specification 2 is multiplicious with Charge II and Charge III, Specifications 5 and 15. Specification 3 [is] multiplicious with Charge II and Charge III, Specification 6. Specification 4 [is] multiplicious with Charge III, Specification 7. Specification 5 [is] multiplicious [with] Charge III, Spec[ification] 3, Specification 8, and Specification 13. Specification 6 [is] multiplicious with Charge III, Specification[s] 9 and 14. Specification 7 [is] multiplicious with Charge III, Specification 10 and Specification 12. And Specification 8 of Charge I [is] multiplicious with Charge III, Specification 11. I said that's multiplicious *for sentencing* because all of those of-

fenses allege the same underlying conduct of the accused. With respect to Additional Charge I, Specification 1, [it is] multiplicious *for purposes of sentencing* with Additional Charge II, Spec[ification] 2.

Record at 161 (emphasis added).

4. In Aristotelian logic, the appellant's mixed hypothetical syllogism suffers from the "fallacy of affirming the consequent." To be valid, the categorical premise must affirm the antecedent of the conditional premise, and the conclusion must affirm the consequent of the conditional premise.

find offenses "the same" for purposes of sentencing, even though they are clearly *not* multiplicious for findings, as was the case here. Limiting the maximum allowable sentence, as was done here, is an equitable remedy a military judge is free to employ when separately punishing each offense would cause an unjust or inappropriate result. *United States v. Britton*, 47 M.J. 195, 202 (1997); *United States v. Oatney*, 45 M.J. 185, 189 (1996); *United States v. Morrison*, 41 M.J. 482, 484 n. 3 (1995); *see also* Art. 66(c), UCMJ; RULE FOR COURTS-MARTIAL 1003(c)(1)(C), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Discussion.

Also, our decision in *Oatney, supra,* addresses only the concept of multiplicity, not unreasonable multiplication of charges. We have since unambiguously held that a claim based upon an unreasonable multiplication of charges [5] is conceptually different from a claim of multiplicity. *United States v. Quiroz*, 53 M.J. 600 (N.M.Ct.Crim.App.2000)(*en banc*); *United States v. Joyce*, 50 M.J. 567 (N.M.Ct.Crim.App.1999). "The longstanding principle prohibiting unreasonable multiplication of charges helps fill the gap, particularly after *Teters* in promoting fairness considerations separate from an analysis of the statutes, their elements, and the intent of Congress." *Quiroz*, 53 MJ at 604 (citing *Joyce*, 50 M.J. at 568–69; *United States v. Erby*, 46 M.J. 649, 651–52 (A.F.Ct.Crim.App. 1997)). Multiplicity is an issue of law grounded in the constitutional and statutory protections against double jeopardy and the infringement of an accused's due process rights. The prohibition against unreasonable multiplication of charges is a policy pronouncement intended to serve as a check on "prosecutorial enthusiasm" and to ensure

fundamental fairness in *sentencing* of military accused. *Erby*, 46 M.J. at 651.

■ Where a military judge determines that the charged offenses are not multiplicious under the "elements test" of *Blockburger* and *Teters*,[6] but nevertheless have been unreasonably multiplied against an accused, dismissal of the offending specifications is allowed, *but not mandated.* Compare *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *United States v. Savage*, 50 M.J. 244 (1999).[7] Because double jeopardy prohibitions are not involved in this arena, the judge has the power and discretion to fashion an equitable remedy, which may include, as it did here, treating two specifications as one for purposes of sentencing. *United States v. Earle*, 46 M.J. 823, 825 (A.F.Ct.Crim.App.1997)(holding that "if the charging is, in the judge's view, *unreasonable,* albeit *constitutional,* then there is authority to adjust the maximum sentence *without having to dismiss one or the other of the charges.*")(emphasis in original); *Erby*, 46 M.J. at 651 (suggesting that while "it may be constitutionally permissible to charge certain conduct that offends different statutes, under certain circumstances it may be *unreasonable* to do so, at least in the context of ·sentencing.")(emphasis in original); see Art. 59(a), UCMJ, 10 U.S.C. § 859(a); R.C.M. 1003(c)(1)(C), Discussion.

Other equitable remedies available to the military judge include the power and discretion to mandate consolidation of, or dismiss the offending charges. This power ensures that military judges are properly equipped to perform their ultimate tasking—guaranteeing that justice is done.

---

5. *See* R.C.M. 307(c)(4)(Discussion)("What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person").

6. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A.1993).

7. We are mindful of the rule of law which states that "an unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244,

245 (1999) (quoting *Ball v. United States*, 470 U.S. 856, 865, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). That rule, however, applies strictly to **multiplicity** situations violative of the Double Jeopardy Clause (e.g., convicting an accused of both a greater offense *and* a lesser-included offense). In the arena of unreasonable multiplication, we are not dealing with "unauthorized convictions," and double jeopardy is not violated. Accordingly, while dismissal of an offending charge is an option military judges may choose to pursue in the interest of fundamental fairness, it is not required.

■ The offenses in issue here were clearly separate, as they possessed distinct and separate elements. Also, applying the factors we enunciated in *Quiroz II*, we do not believe they were unreasonably multiplied against the appellant. As we explained earlier, the appellant's conduct on each occasion rose above and beyond "garden variety" indecent act, indecent language, and indecent exposure offenses. His systematic sexual advances towards women with whom he worked created a torturous work environment at their remote, overseas duty assignment. The creation and perpetuation of this offensive and hostile environment eclipsed the individual indignities visited upon each victim. Although not required to, the military judge fashioned appropriate equitable relief for the appellant by considering the challenged offenses to be synonymous for purposes of sentencing. Thus, allowing the offenses to remain in no way offends our notions of fundamental fairness. Because these offenses were treated as identical for sentencing, the appellant has not been prejudiced and is entitled to no relief.

### Sentence Appropriateness

Finally, the appellant asserts that a sentence that includes 18 months confinement and a bad-conduct discharge is inappropriately severe in light of his remorse for his actions and his years of honorable service to the Navy. Appellant's Brief of 9 Nov. 1999 at 12. We disagree.

■ Under our Article 66(c), UCMJ, mandate, we may only affirm a sentence that we find correct in law and fact, and which we determine, based upon our review of the entire record, should be approved. In performing this important review function, we determine sentence appropriateness by giving individualized consideration to the accused on the basis of the nature and seriousness of his offenses, and upon his own character. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982)(citing *United States v. Mamaluy*, 10 C.M.A. 102, 106–07, 27 C.M.R. 176, 180–81, 1959 WL 3587 (1959)). Ultimately, our job is to ensure that "justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

■ After performing the review indicated above, we are fully satisfied that the appellant's sentence was not inappropriately severe. We find the appellant's offenses extremely serious, and are satisfied that, in this case, justice was done.

### Conclusion

Accordingly, we affirm the findings and sentence as approved by the convening authority.

Senior Judge DORMAN and Senior Judge TROIDL concur.