# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Rene A. MOLINA,
### Boatswain's Mate Second Class (E-5), U.S. Coast Guard

## CGCMS 24387

## Docket No.  1299

## September 9, 2009

Special Court-Martial convened by Commander, Maintenance and Logistics Command Pacific. Tried at Alameda, California, on 11 October 2007.

| | |
|---|---|
| Military Judge: | CDR Larry R. Kennedy, II, USCG |
| Trial Counsel: | LT Robert E. Stiles, USCGR |
| Defense Counsel: | LTJG Benjamin J. Voce-Gardner, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR |
| | LT Robert M. Pirone, USCGR |
| | LCDR Angela R. Watson, USCGR |
| Appellate Government Counsel: | LT Alfred J. Thompson, USCGR |

### BEFORE
### McCLELLAND, McGUIRE & CHANEY
Appellate Military Judges

McGUIRE, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongfully engaging in sexually intimate behavior aboard a Coast Guard vessel, in violation of Article 92, Uniform Code of Military Justice (UCMJ); two specifications of maltreating a person subject to his orders by making offensive comments or gestures of a sexual nature, in violation of Article 93, UCMJ; one specification of assault consummated by a battery in violation of article 128, and one specification each of indecent exposure, wrongfully providing alcoholic beverages to a person under twenty-one years of age, and adultery, all in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for 200 days,

reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged. The pretrial agreement did not affect the sentence.

Before this Court, Appellant has assigned the following four errors:

I. Appellant was denied effective counsel when his attorney erroneously informed him that he would not need to register as a sex offender.

II. The bad-conduct discharge is an inappropriately severe sentence.

III. Defense counsel's failure to submit evidence regarding SA O's character resulted in ineffective assistance of counsel.

IV. Appellant's plea was involuntary due to a failure by the Convening Authority to adhere to a material term of the pretrial agreement.

We grant relief on Assignment of Error IV (AOE IV) by setting aside the findings of guilty to Charge IV and its specification, indecent exposure.

## Failure of material term of pretrial agreement

We begin with AOE IV, where Appellant asserts that his plea was involuntary due to a failure by the Convening Authority to adhere to a material term of the pretrial agreement. Appellant asserts, that his decision to plead guilty to the charges of which he was ultimately convicted was based on assurances that he would not have to register as a sex offender. The Government agrees in its Answer and Brief to Appellant's AOE IV. (Government's Ans. at 2.) During pretrial negotiations, trial counsel and defense counsel examined Secretary of the Navy Instruction 5800.14A, which lists UCMJ offenses that trigger requirements to contact state and local government officials regarding sex offender registration requirements. (Government's Ans. at 3.) Upon initial review, Charge V, indecent assault, appeared to be the only charged offense that would trigger any registration requirement. During pretrial negotiations, the Government agreed to reduce Charge V to the lesser included offense of assault consummated by a battery in violation of Article 128, UCMJ, in exchange for Appellant's pleas of guilty to the remaining charges. (*Id*.) Trial counsel and defense counsel also researched California law, the state that Appellant intended to reside in, but did not learn, until after trial, that California has a bifurcated

2

reporting regime, and that Charge IV, indecent exposure, also required registration, albeit not on a public list. (*Id.* at 3-4.)

The interpretation of a pretrial agreement is a question of law, which is reviewed under a *de novo* standard. *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999). Whether the government has complied with the material terms and conditions of an agreement presents a mixed question of law and fact. *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citing *Hometown Financial, Inc. v. United States*, 409 F.3d 1360, 1369 (Fed. Cir. 2005) and *Gilbert v. Dep't of Justice*, 334 F.3d 1065, 1071 (Fed. Cir. 2003)). An appellant bears the burden of establishing that there is a significant basis in law or fact to overturn a guilty plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991); *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002). Thus, "Appellant bears the burden of establishing that a term or condition of the agreement was material to his decision to plead guilty, that the Government failed to comply with that term or condition, and therefore, that his plea was improvident." *Lundy,* 63 M.J. at 302.

In the case *sub judice*, the term or condition at issue does not appear in the pretrial agreement itself. (Government's Ans. at 3.) Nonetheless, "In the context of pretrial agreements involving the constitutional rights of a military accused, we look not only to the terms of the agreement, or contract, but to the accused's understanding of the terms of an agreement as reflected in the record as a whole." *Lundy*, 63 M.J. at 301. Appellant has provided a post-trial affidavit describing, among other things, the importance to Appellant of assurances by defense counsel that he would not have to register as a sex offender, in his decision to plead guilty. Specifically, Appellant asserts, "If I had known that I might have to register as a sex offender, I would not have signed the PTA, and would not have pleaded not guilty [sic].[1]" (Appellant's Br., Appendix A at 2.) Further, the Government has provided an affidavit by trial counsel, indicating that the potential for Appellant to register as a sex offender was a subject of negotiations between the parties. (Government's Ans.) Moreover, the Government agreed to accept a modified plea to Charge V and its sole specification, to the lesser included offense of assault consummated by a battery, in violation of Article 128, UCMJ, rather than indecent assault under Article 134. (R. at

---

[1] Based on the sentence context, the overall affidavit and appellate filing, and the fact that Appellant did plead guilty, the Court concludes that the Appellant intended to say "would not have pleaded guilty," vice "would not have pleaded not guilty."

12, 117, 139.)  This agreement on the modified plea to Charge V, in our view, represents the efforts of the parties to meet Appellant's concern to avoid any requirement to register as a sex offender, underscoring, for this Court, the fundamental validity of the assertions in the post-trial affidavits.  The Government has conceded:[2] "The Appellant made it clear during the pre-trial negotiations that he was concerned about pleading guilty to <u>any offense</u> constituting a sex offense."  (Government's Ans. at 3.)  Further, the Government has conceded: "As a result, sex offender registration was a subject of the pre-trial negotiations."  (*Id.*)

We review these post-trial affidavits under the framework outlined in *U.S v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997).  Here, we find that Appellant's affidavit is factually adequate on its face to state a claim of legal error, and that the Government does not contest the relevant facts and also offers an affidavit that expressly agrees with some of the relevant facts (i.e., that avoidance of the Appellant having to register as a sex offender was a subject of negotiations between the parties).  The Court of Appeals for the Armed Forces, in describing principles for resolution of whether or not a post-trial hearing is required, has stated: "Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts."  *U.S. v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).  Accordingly, on the basis of these uncontroverted facts, we find that we may resolve the issue of whether or not the Convening Authority failed to adhere to a material term or condition of the plea agreement on the basis of the appellate filings, with post-trial affidavits and Government concessions, and the record as a whole, without resort to a post-trial *DuBay* hearing.[3]

"It is fundamental to a knowing and intelligent plea that where an accused pleads guilty in reliance on promises made by the Government in a pretrial agreement, the voluntariness of that plea depends on the fulfillment of those promises by the Government."  *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)).  Here, the post-trial affidavits and Government concessions, and the record as a whole,

---

[2] The Court commends the Government for making the concessions in this case.
[3] See *Ginn*, 47 M.J. at 240 (citing *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967)).

reveal that assurances by trial counsel and defense counsel that Appellant would not have to register as a sex offender was the primary concern of Appellant in making his decision to sign the pretrial agreement and plead guilty. Appellant stated he would not have signed the pretrial agreement but for these assurances as a condition precedent. Further, the Government has conceded that avoidance of sex offender registration was a material term of the agreement. (Government's Ans. at 4.) Thus, we conclude that these assurances, that he would not have to register as a sex offender, rose to the level of being a material term or condition of the pretrial agreement for Appellant, notwithstanding that the term does not appear in the agreement itself.[4]

While we find that the military judge conducted a thorough *Care*[5] inquiry, the issue of sex offender registration never came up during the providence inquiry. This was due to the mistaken belief, on the part of both trial counsel and defense counsel, as to the requirements of California law to register with the police as a sex offender for any indecent exposure offense, even in a military court. (Government's Ans. at 4; SJAR Addendum at 1-2.) This mistaken belief constitutes a mutual misunderstanding regarding a material term of a pretrial agreement. In *Perron*, the Court of Appeals for the Armed Forces held: "[W]here there is a mutual misunderstanding regarding a material term of a pretrial agreement, resulting in an accused not receiving the benefit of his bargain, the accused's pleas are improvident." 58 M.J. at 82. We conclude that, based on the mutual misunderstanding of the requirement to register as a sex offender under state law, Appellant's pleas of guilty are improvident to the extent that the conviction under Charge IV and its specification triggered a requirement to register, requiring relief.

The Court in *Perron* continued, "In such instances, we have held that remedial action, in the form of specific performance, withdrawal of the plea, or alternative relief, is required." *Id.* (citing *United States v. Smith*, 56 M.J. 271, 279 (C.A.A.F. 2002) and *United States v. Mitchell*, 50 M.J. 79, 82 (C.A.A.F. 1999)). In the case *sub judice*, specific performance is available. Charge IV, the indecent exposure in violation of Article 134, UCMJ, is the offense that triggered

---

[4] "In the context of pretrial agreements involving the constitutional rights of a military accused, we look not only to the terms of the agreement, or contract, but to the accused's understanding of the terms of an agreement as reflected in the record as a whole." *Lundy*, 63 M.J. at 301.
[5] *United States v. Care*, 18 USCMA 535, 40 C.M.R. 247 (1969).

the requirement under state law to register as a sex offender. (Government's Ans. at 4; SJAR Addendum at 1-2.) Accordingly, if the findings associated with Charge IV are set aside, the Appellant would be relieved of the requirement to register with the state, and he would receive the benefit of his bargain, or, specific performance. We note that the Government has requested this action as specific performance (Government's Ans. at 2, 7), and that Appellant has eagerly agreed, "allowing the Appellant and Government [to] achieve their desired goals, [and] receive the benefits of their bargains." (Appellant's Reply to Government's Answer and Brief to Appellant's Assignment of Error IV at 1.)

As specific performance, to grant relief to Appellant for his involuntary plea as to Charge IV, we set aside the findings with regard to Charge IV and its sole specification, and dismiss Charge IV and its specification with prejudice. We find the pleas of guilty to the remaining charges and specifications to be voluntary and provident, in light of the specific performance of the material term to avoid the requirement to register as a sex offender to any offense charged.

Having set aside the findings with regard to Charge IV and its sole specification, we must now reconsider the sentence with regard to the remaining charges and specifications. When dismissing a charge, we may reassess the sentence and that sentence must be equal to or no greater than a sentence that would have been imposed if there had been no error. *United States v. Moffeit*, 63 M.J. 40, 41 (C.A.A.F. 2006) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) "However, '[i]f the error at trial was of constitutional magnitude, then the court must be satisfied beyond a reasonable doubt that its reassessment cured the error.'" *Id*. (citing *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) and *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986)). In addition, when a sentence is reassessed, it must not only be purged of prejudicial error, but it must also be appropriate for the offenses involved. *Sales,* 22 M.J. at 308.

With the dismissal of Charge IV, Appellant, in accordance with his remaining provident pleas, stands convicted of one specification of wrongfully engaging in sexually intimate behavior aboard a Coast Guard vessel, two specifications of maltreatment, one specification of assault and battery, and one specification each of wrongfully providing alcoholic beverages to a minor and of adultery. In order to determine the extent of the effect of the mutual misunderstanding of a

material term of the pretrial agreement on the sentence, in this case we have the opportunity to review the Military Judge's discussion of his sentencing methodology. The Military Judge tells us, on the record, that as to the charges related to Seaman O[6], "I have merged those together in determining my sentence – I have considered those offenses to be synonymous for purposes of determining my sentence." (R. at 234.) The Military Judge considered whether the charges were multiplicious for findings, and rejected that possibility. (R. at 234.) However, he indicated his consideration of *United States v. Balcarczyk*, 52 M.J. 809 (N.M.Ct.Crim.App. 2000) and considered the offenses related to Seaman O as one, or synonymous for sentencing. In doing so, the Military Judge was essentially fashioning equitable relief for Appellant by treating the various offenses as one, rather than simply combining the punishments authorized for each individual offense.[7] Because the sentence adjudged was not simply built, brick by brick, considering an increment of punishment for each of these offenses, we can reject the notion that, because Charge IV has now been dismissed, an incremental segment of the sentence adjudged must necessarily be removed.

In considering the remaining charges and specifications, Appellant remains convicted of five serious offenses related to Seaman O, in addition to the maltreatment of SN D, that have had a substantially detrimental effect on her (Seaman O's) career (i.e., resulting from her removal from the ship to avoid Appellant) and perception of the Coast Guard. (R. at 177.) Moreover, the stipulation of fact in this case points out that several of these offenses were to the prejudice of good order and discipline and set a poor example for subordinates. In light of the Military Judge's consolidation and consideration of these five offenses as synonymous for sentencing, the additional offense of maltreatment and in light of the record as a whole, we conclude that the sentence adjudged is equal to, or no greater than, that which would have been awarded if there had been no error, even in light of the dismissal of Charge IV. Thus, we are convinced, beyond a reasonable doubt, that our reconsideration of the sentence has cured the involuntary plea with regard to Charge IV.

---

[6] Charge I, Specification 1 of Charge II, Charge IV, Charge V and Charge VII. (R. at 234.)
[7] *See United States v. Balcarczyk*, 52 M.J. at 812.

We now consider the appropriateness of the sentence under Article 66(c). In doing so, we also consider Appellant's Assignment of Error III, that the bad-conduct discharge adjudged was an inappropriately severe sentence, along with this review of the sentence overall. This Court may affirm only such part or amount of the sentence as we find correct in law and fact and determine on the basis of the entire record should be approved. Article 66(c), UCMJ. The purpose of Article 66(c) is to ensure "that justice is done and that the accused gets the punishment he deserves." *United States v. Healy,* 26 M.J. 394, 395 (C.M.A.1988). Of course, in conducting our review, we consider the entire record, including the clemency matters Appellant presented to the Convening Authority. *United States v. Baker,* 29 M.J. 126 (C.M.A.1989). Our duty is to determine whether Appellant's approved sentence is correct in law and fact based on an individualized consideration of the nature and seriousness of the offense and the character of the offender. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982).

Appellant stands convicted of six remaining offenses, four of which authorize a punitive discharge, for mistreating and otherwise failing to look out for the welfare and professional development of his subordinates. Even considering his solid record of performance and advancement, the positive comments that the various witnesses provided during the sentencing, and a review of the entire record, in view of the persistent pattern of conduct, the number and seriousness of the offenses, and the adverse impact his conduct had on the careers of his subordinates, we conclude that the adjudged bad-conduct discharge is appropriate. Having considered the nature of the offenses and the entire record, we find the sentence adjudged correct in law and fact, and affirm it.

### Effectiveness of counsel concerning registration as sex offender

Appellant asserts that his trial defense counsel provided prejudicially inadequate trial representation. Claims of ineffective assistance of counsel are reviewed *de novo*. *United States v. Cain*, 59 M.J. 285, 294 (C.A.A.F. 2004); *United States v. Key*, 57 M.J. 246, 249 (C.A.A.F. 2002). The test for resolving an allegation of this sort was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and was incorporated into military law by *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987); *see also United States v. Caldwell*, 48 M.J. 834, 835 (C.G.Ct.Crim.App. 1998). "First, Appellant must show that counsel's errors were so serious that

he was not functioning as the counsel guaranteed by the Constitution's Sixth Amendment. Next, Appellant must demonstrate that counsel's deficient performance resulted in prejudice, which deprived him of a fair trial, that is, one whose result is reliable." *Caldwell*, 48 M.J. at 835. Appellant must overcome a presumption that the actions challenged were part of a "sound trial strategy." *Strickland*, 466 U.S. at 690 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). We need not consider whether the performance of defense counsel was so deficient as to constitute ineffective assistance of counsel, as the prejudice complained of (i.e., failure of assurances that Appellant would not have to register as a sex offender) has been remedied, as discussed above. The failure of defense counsel to correctly inform Appellant of a collateral consequence of his plea only had relevance as to Charge IV and its sole specification, on which we are setting aside the findings. Accordingly, we conclude that, in light of our action here, the representation of defense counsel, even if deficient, has resulted in no prejudice.

### Effectiveness of counsel regarding evidence of victim's character

Appellant asserts that defense counsel's failure to introduce evidence regarding SA O's character resulted in ineffective assistance of counsel. The framework for reviewing claims of ineffective assistance of counsel has been outlined above with regard to AOE I. We note again that, in asserting ineffective assistance of counsel, Appellant must overcome a presumption that the actions challenged were part of a "sound trial strategy." *Strickland*, 466 U.S. at 690 (citing *Michel*, 350 U.S. at 101). In Appellant's affidavit, he alleges a number of behaviors he attributes to Seaman O, a Government sentencing witness and victim of several of the offenses of which Appellant was convicted. (Appellant's Br., Appendix A at 4-5.) Appellant has not stated any factual basis for his knowledge of these alleged behaviors, nor what persons might testify as to these matters. Appellant asserts that these behaviors would tend to undermine Seaman O's credibility as a witness. (Appellant's Br., Appendix A at 4.) However, the major substance of the alleged behavior relates to her sexual activity, and the record reveals that she testified concerning her underage drinking and sexual activity with Appellant. (R. at 173-74, 178-80.) Thus, much of the purported behavior is cumulative with the existing record of Seaman O's misconduct. The additional allegations relating to the conduct of Seaman O beyond those raised at trial are largely irrelevant to sentencing. From this perspective, we discern that Appellant has failed to meet his burden to overcome the presumption that defense counsel was effective.

Further, even if we assume that all of the asserted matters are true, there are a number of challenges to admissibility under Military Rules of Evidence 402, 412, 608 and 802. Given these challenges, we find no basis to conclude that the defense counsel's conduct was deficient, or that he was "not functioning as the counsel guaranteed by the Constitution's Sixth Amendment."[8] Accordingly, we find that Appellant has not borne his burden of overcoming the presumption that defense counsel's decisions and actions with regard to the alleged character evidence were part of a sound trial strategy.

Even if we assume that the actions of defense counsel, in not introducing Appellant's information regarding alleged behavior by Seaman O, were deficient and serious enough that defense counsel was "not functioning as the counsel guaranteed by the Constitution's Sixth Amendment," Appellant also has to show that he was prejudiced by counsel's performance. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "Further, when a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. Here, Appellant pled guilty providently to six offenses and entered a stipulation of fact as to his conduct and his guilt. Thus, the Military Judge was aware of the facts that allowed Appellant to plead guilty providently. As discussed, the Military Judge was also aware of several instances of misconduct by Seaman O. Even if additional evidence regarding her character, or perhaps bias, were successfully introduced on sentencing, her victim impact testimony would certainly not be rendered entirely moot. We conclude that Appellant has not made a sufficient showing of either deficient performance or prejudice, and we reject the third Assignment of Error.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge IV and its specification, indecent exposure, in violation of Article 134, UCMJ, are set aside and the charge and specification are dismissed. The other

---

[8] *Caldwell*, 48 M.J. at 835.

findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, those findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge McCLELLAND and Judge CHANEY concur.

For the Court,

Gail M. Reese
Deputy Clerk of the Court