**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**James R. HAMILTON**
**Senior Chief Operations Specialist (E-8), U.S. Coast Guard**

**CGCMS 24942**
**Docket No. 1432**

**12 April 2017**

Special Court-Martial convened by Commander, Coast Guard Atlantic Area.  Tried at Norfolk, Virginia, on 07 August 2014, 24-25 February 2015, and 30 April 2015.

| | |
|---|---|
| Military Judge: | CAPT Charles Purnell, JAGC, USN |
| Trial Counsel: | LT Jeremy A. Weiss, USCG |
| Assistant Trial Counsel: | CDR Martha A. Rodriguez, USCG |
| Civilian Defense Counsel: | Mr. Greg D. McCormack, Esq. |
| Assistant Defense Counsel: | LT Latham T. Hudson, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| | LCDR Michael J. Meyer, USCGR |
| Appellate Government Counsel: | LT Sharyl L. Pels, USCGR |
| | LT Tereza Z. Ohley, USCGR |

**BEFORE**
**McCLELLAND, BRUCE & SPOLIDORO**
Appellate Military Judges

BRUCE, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of failure to obey a lawful general regulation, in violation of Article 92, Uniform Code of Military Justice (UCMJ); and one specification of assault and four specifications of assault consummated by a battery, in violation of Article 128, UCMJ.  The military judge sentenced Appellant to confinement for eighty days, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence, but suspended reduction below the grade of E-5, in accordance with the pretrial agreement.

Before this Court, Appellant has assigned the following errors:

I.   The trial defense counsel was ineffective in that he failed to warn Appellant that pleading guilty to assaults consummated by battery by rubbing a shipmate's genitals and forcing another shipmate's hand inside his pants carried a significant risk of sex offender registration in one or more jurisdictions.

II.  Appellant's pleas to specifications 1 and 3 of charge IV were improvident because he believed his pretrial agreement guaranteed he would never have to register as a sex offender, whereas this is not the case as to those specifications.

We discuss both issues and affirm.

**Appellant's claim of a risk of sex-offender registration is speculative**

We granted a motion to attach Appellant's affidavit, in which he avers that his trial defense counsel "told me that the pretrial agreement he negotiated ensured I would never have to register as a sex offender, which was also my understanding of the language in the agreement. I now understand the language in Specifications 1 and 3 of Charge IV creates a risk of sex-offender registration in some states because it alleges I touched sexual body parts without consent." (Appendix A to Assignments of Error and Brief on behalf of Appellant.)

We ordered an affidavit from trial defense counsel responding to Appellant's allegations. We received affidavits of both Appellant's trial defense counsel and his assistant defense counsel. These affidavits do not directly contradict Appellant's averment, but they provide details of counsel's advice suggesting that if counsel made the statement Appellant says he made, it may have been limited to the State of Virginia. We need not resolve the question of exactly what advice counsel gave Appellant, because we find that Appellant has failed to show that he faces any well-founded risk of having to register as a sex offender. Appellant's claim of a risk of sex-offender registration is based on nothing but speculation that California might interpret its law in a way that is at odds with the plain language of the law.

He asserts that "under California law, a person commits a sexual battery when he 'touches an intimate part of another person while that person is unlawfully restrained by the

accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse' or when, for the purpose of sexual arousal, sexual gratification, or sexual abuse, he 'causes another, against that person's will while that person is unlawfully restrained either by the accused or an accomplice . . . to masturbate or touch an intimate part of either of those persons or a third person.' Cal. Penal Code § 243.4." (Assignments of Error and Brief on behalf of Appellant at 6-7.) He further asserts that a person who commits sexual battery must register as a sex offender in California.

As discussed above, Appellant was convicted of failing to obey a general regulation on two occasions by wrongfully engaging in sexually intimate behavior with another crewmember aboard the USCGC NORTHLAND. Additionally, he was convicted of committing an assault and four assaults consummated by batteries. In pleading guilty to the orders offenses, Appellant never admitted that the sexually intimate behavior was against the will of the other crewmember or that the crewmember was restrained in any way. The assault offense did not require proof of a battery. None of the offenses Appellant pleaded guilty to, including the four offenses of assault consummated by a battery, required proof that any touching involved was for the purpose of sexual arousal, sexual gratification, or sexual abuse. It may be true, as Appellant states, that he was convicted of touching the sexual parts of his victims without consent. To be a sexual battery under California law, however, the touching would also have to have been for the purpose of sexual arousal, sexual gratification, or sexual abuse. In this case, Appellant did not admit or stipulate to such a purpose, the military judge did not find such a purpose proved, and the offenses of which Appellant was convicted did not require proof of such a purpose.

Appellant does not assert that he has been required to register as a sex offender. Additionally, he has failed to show that his convictions for specifications 1 and 3 of Charge IV, or any of the offenses of which he was convicted, would subject him to registration as a sex offender. Since we are not persuaded that the premise for Appellant's assignments of error, that he faces a risk of sex-offender registration, is well founded, we reject his assignments of error.

**Ineffective assistance**

Appellant asserts that trial defense counsel affirmatively told Appellant that he would never have to register as a sex offender, and claims that this was inaccurate where specifications to which he pleaded guilty alleged assault consummated by a battery by touching one shipmate's intimate body parts and forcing another shipmate to place her hands in his pants.

The test for resolving an issue of ineffective assistance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and was incorporated into military law by *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). *See also United States v. Molina*, 68 M.J. 532 (C.G.Ct.Crim.App. 2009).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. There is a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance, and that the challenged action might have been sound trial strategy. *Id.* at 689. If this presumption is rebutted, relief is warranted only if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 695.

According to *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), the following principles apply when an appellant files an affidavit in the Court of Criminal Appeals making a claim such as ineffective assistance of counsel at trial:

> First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.

> Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.

> Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit

that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.

Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.

Fifth, when an appellate claim of ineffective representation contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record (including the admissions made in the plea inquiry at trial and appellant's expression of satisfaction with counsel at trial) unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal.

Sixth, the Court of Criminal Appeals is required to order a factfinding hearing only when the above-stated circumstances are not met. In such circumstances the court must remand the case to the trial level for a DuBay proceeding. During appellate review of the DuBay proceeding, the court may exercise its Article 66 factfinding power and decide the legal issue."

*Id.* at 248.

As noted above, Appellant has failed to establish that he faces any well-founded risk of sex-offender registration. Hence, he has not established that counsel's advice was erroneous. Further, from the standpoint of the second *Ginn* principle, Appellant's statement in his affidavit that the language of Specifications 1 and 3 of Charge IV "creates a risk of sex-offender registration" is speculative; we may resolve the claim of ineffective assistance on that basis. Accordingly, we reject the claim of ineffective assistance.

**Plea providence**

Appellant claims his understanding was that his pretrial agreement would protect him from any risk of sex-offender registration. He argues that his convictions for assault consummated by a battery in Specifications 1 and 3 of Charge IV carry a risk of having to register as a sex offender in some jurisdictions, relying on California law to show the purported risk. Accordingly, Appellant asserts that his guilty plea to those specifications was improvident because he either did not understand a material term of his pretrial agreement or he has not received the benefit of his bargain.

We agree that an appellant could show that his guilty pleas were improvident because he either did not understand a material term of his pretrial agreement or he has not received the benefit of his bargain. *United States v. Perron,* 58 M.J. 78 (C.A.A.F. 2003); *United States v. Olson,* 25 M.J. 293 (C.M.A. 1987); *United States v. Molina*, 68 M.J. 532 (C.G.Ct.Crim.App. 2009).

In this case, for the reasons previously discussed, we do not find that Appellant has established that his convictions for assault and battery in specifications 1 and 3 of Charge IV carry a well-founded risk of having to register as a sex offender. Therefore, we do not find that Appellant misunderstood if he believed his pretrial agreement would protect him from having to register as a sex offender, and we do not find that he has not received the benefit of his bargain. Accordingly, his guilty pleas were not improvident, and he is not entitled to relief.

Again for this issue, in accordance with *Ginn*, 47 M.J. 236, we can resolve the issue against Appellant because his affidavit presents speculative assertions about sex-offender registration laws, particularly the law of California, that we do not find to be well founded.

We reject the second assignment of error.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge MCCLELLAND and Judge SPOLIDORO concur.



For the Court,

Shelia R. O'Reilly
Clerk of the Court

6